UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEMOND ANTHONY ETHRIDGE,

    Defendant.
_____/

Case No. 11-20450

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S COMBINED EMERGENCY MOTION AND MOTION FOR SENTENCE REDUCTION PURSUANT TO 3582(c)(1)(A)(i) [52]**

Defendant Demond Ethridge is currently in the custody of the Federal Bureau of Prisons (FBOP) at Sandstone FCI. (ECF no. 52.) Pending before the Court is Defendant's combined emergency motion and brief for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF no. 52; *see also* Letter, ECF no. 51.) The government filed a response. (ECF no. 54.)

**I. Background**

On January 31, 2012, Defendant pleaded guilty to one count (Count 1) of possession with intent to distribute controlled substances (cocaine base) pursuant to 21 U.S.C. § 841(a)(1) and one count (Count 2) of possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c). (Rule 11 Plea Agreement, ECF no. 24.) The Court initially sentenced Defendant to 147 months and later reduced the sentence to 144 months pursuant to 18 U.S.C. § 3582(c)(2). (Judgment, ECF no. 27; Amended Order,

1

ECF no. 36.) According to Defendant, with credit for time served, he has served over 87.5% of his sentence, or 10.5 years out of his 12 year sentence. (Def.'s Mot. 1, ECF no. 52.) The parties agree that he is eligible for and/or scheduled to transition to a residential reentry center (RRC) on December 8, 2020. (Gov't's Resp. 3, ECF no. 54; Def's Mot. 1, ECF no. 52.) His projected release date is August 29, 2021. (*Id.*)

## II. Analysis

Defendant files his motion for compassionate release against the backdrop of a pandemic unprecedented in our lifetime. The prison system has not been exempt from concerns or cases of COVID-19 within its population. Defendant moves for compassionate release and resentencing under 18 U.S.C. § 3582(c)(1)(A). (ECF no. 52.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . .
> ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). The provisions require a defendant to both satisfy the

exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction. Defendant seeks compassionate release based upon the following circumstances: He argues that his age (44 years old) and obesity put him at serious risk of complications with COVID-19 and claims a BMI of 36.02; and he has served over 87% of his sentence and is scheduled to enter a half-way house on December 8, 2020.

### A. Exhaustion of Administrative Remedies

In the early stages of the COVID-19 pandemic, some courts excused a defendant's failure to exhaust his administrative rights with the FBOP prior to bringing a motion for compassionate release. Since then, however, the Sixth Circuit found that the administrative exhaustion requirement is mandatory and not subject to judge-made exceptions. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Despite being mandatory, the Sixth Circuit found that this requirement does not bear on the Court's jurisdiction. *See id.* at 833. Thus, as a non-jurisdictional claim processing rule, it "must be enforced" when "properly invoked" but can be forfeited or waived by the parties in a particular proceeding. *Id.* at 834.

Defendant provided a copy of his May 2020 letters to the warden (at least one of which was received by the warden's office on May 26, 2020) mentioning the COVID-19 pandemic and requesting to be released to home confinement at his elderly mother's house, where he could provide some care to her. (ECF nos. 52-2, 54-2.) The prison unit manager responded in June 2020 that Defendant had a medium risk of recidivism[1] and

---

[1] Defendant's first letter to the Court alleged that it was determined that he had a low recidivism risk level, yet an Inmate History provided by the government shows that

3

"[c]urrent offense and prior history of violence" yet would be submitted for further review for home confinement under the CARES Act (the Coronavirus Aid, Relief, and Economic Security Act, § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281, 516 (Mar. 27, 2020)). (Def.'s Mot. Ex. A, ECF 52-2.) The government argues that Defendant has not exhausted his administrative remedies– Defendant's request did not mention obesity or any other medical condition as a basis for release. The government also notes that "[c]ounsel for the government has been informed by BOP counsel that Ethridge's request is being considered to either move up his date for placement in an RRC or for home confinement, with no final decision as of this filing." (Gov't's Resp. 4, ECF no. 54.)

Specifically, the government argues that Defendant may not move for compassionate release on a different ground than that raised during the administrative process. (Gov't's Resp. 15, ECF no. 159). Courts have come to differing conclusions on this issue. *Compare United States v. Asmar*, No. 18-20668, 2020 WL 3163056, at *3 (E.D. Mich. June 5, 2020) (Steeh, J.) (stating that "[w]here the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before Defendant brings his request to the courts"), *with United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, *4 (S.D. Iowa Apr. 29, 2020) (finding issue exhaustion "inappropriate because § 3582 contains no such requirement and BOP compassionate release requests are not adversarial proceedings") and *United States v. Ball*, 2020 WL 4816197 (E.D. Mich. Aug. 19, 2020) (Lawson, J.) ("[T]he underlying authority

---

he was considered to have a medium recidivism risk level. (ECF no. 54-3.)

and ground for the relief sought has not changed, and it would be inappropriate under the circumstances to impose any further exhaustion requirement, which in any event is not mandated in any plain terms of the statute.")

In both of his letters to the warden, Defendant identified the COVID-19 pandemic as a basis for the request and it remains the basis of his motion before the Court. *See e.g., United States v. Haynes*, No. 14-20083, 2020 WL 4696601, *2 (E.D. Mich. Aug. 13, 2020) (Parker, J.) (The warden's response showed that the warden understood that the defendant was seeking relief due to the COVID-19 pandemic, and although the defendant did not specify medical conditions, the conditions were documented in his prison medical records. Defendant's request "when read liberally, provided enough information to alert the warden of the factual basis on which he now seeks relief."). In this instance, Defendant's requests, including information about his upcoming release to RRC placement, and the mention of COVID-19 and his wish to "lessen" his "exposure" to the pandemic, provided enough information about the basis for his request to allow the warden to address the issue and for this Court to find that Defendant exhausted his administrative remedies.

### B. Whether There Are Extraordinary And Compelling Reasons To Grant Defendant Compassionate Release

Defendant argues that his age, obesity and location are serious risk factors for a severe course of COVID-19, should he contract it. His primary argument is that his BMI is 36.02, he is obese by CDC standards, and because his BMI is over 30, he is at serious risk of complications from COVID-19. (Def.'s Reply 1, ECF no. 55; *see also* CDC website, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity, last visited September 9, 2020.)

The applicable Sentencing Commission policy statement limits compassionate release to a narrow group of defendants with "extraordinary and compelling reasons" for release in four categories: (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons "[a]s determined by the Director of the Bureau of Prisons." See U.S.S.G. § 1B1.13, commentary n.1.

For a non-terminal medical condition to qualify as an "extraordinary and compelling reason" for compassionate release, Defendant must be suffering from "a serious physical or medical condition" or "a serious functional or cognitive impairment" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, commentary n. 1(a)(ii). Defendant has neither alleged nor shown a condition that meets this degree of seriousness, nor is there evidence that a condition causes Defendant to have trouble with providing self-care, even when considered in the context of the current pandemic.

The government points out that the 36.02 BMI identified by Defendant was based on the 2012 presentence investigation report, and Defendant has since lost a fair amount of weight. Medical records provided by the government and dated from 2018 show Defendant was 67 inches tall and weighed 195.6 pounds. (ECF 54-4.) The calculated BMI as supported by the more recent 2018 prison records is 30.6. (Gov't's Resp. 16-17, ECF no. 54.) In this case the government does not concede that such "mild obesity" constitutes an extraordinary or compelling reason for compassionate release, relying on Defendant's weight loss. To the extent that Defendant argues that the government conceded in other cases that obesity (BMI over 30) was an extraordinary and compelling reason for

6

compassionate release, and should be conceding error on this argument, the Court does not have a basis for making such a finding in this case.[2] (Def.'s Reply Ex. A, ECF no. 55-2.) *Compare to* Modification of Supp. Br. 2, ECF no. 479, in *United States v. Contrell Smith*, Case no. 04-cr-80857 (E.D. Mich. Aug. 3, 2020) (cited by Defendant to argue that the government should be conceding error on this argument; in *Smith*, the government noted the defendant's medical records showing weight variances, predominately increases in weight, and appeared to agree with the defendant that it was "not expected that he will be able to recover from his obesity," and therefore there was sufficient evidence for the court to conclude there was an extraordinary and compelling medical condition; the government otherwise continued to oppose release.)

Defendant also argues that it does not matter that there are only a few documented cases of COVID-19 in Sandstone FCI, where there are numerous cases within the FBOP, and the community surrounding Sandstone FCI, and cites several cases in which the defendants were granted sentence reductions or release despite low or no cases in the facility. (Def.'s Mot. 5-6, ECF no. 52.) On these facts, this fact weighs neither for nor against

---

[2]Defendant provided a U.S. Department of Justice document that was filed in another case, with no indication as to what that other defendant's BMI was, and the language of the DOJ letter is not clear enough to otherwise bind the government to the same position in this case: "I write on behalf of the Government in the above-referenced matter to inform the Court that the Government will concede that Defendant's body mass index (BMI) above 30 constitutes an extraordinary and compelling reason warranting a reduction (sic) sentence. The Government last night received guidance from the Department of Justice interpreting the updated CDC guidance of June 25, 2020. This CDC guidance broadened the definition of some of the conditions that the CDC states are risk factors, including obesity. The Department continues to follow the CDC's guidance in determining whether an 'extraordinary and compelling reason' exists. . . . Nevertheless, for all of the reasons explained in the Government's Response and Sur-Reply, the Court should deny Defendant's motion." (Def.'t's Reply Ex. A, ECF no. 55-2.)

determining Defendant's eligibility for compassionate release.

The Court accepts the CDC guidance that a BMI over 30 raises the risk of serious complications would Defendant contract COVID-19. Yet based on the facts in this case, considering Defendant's age, lack of proof of other medical conditions, 30.6 BMI, and other factors raised by Defendant in his motion and reply, the Court cannot find that Defendant has shown an extraordinary and compelling reason for a grant of compassionate release. Defendant fails to show an extraordinary and compelling reason, even when considered under the current circumstances, to grant compassionate release.

Finally, § 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. *See* § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Moreover, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). Because the Court does not find compelling and extraordinary reasons for the Court to reduce Defendant's sentence, it need not reach these additional factors.

Although the Court denies Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court's decision herein is not intended to be a recommendation against what appears to be the FBOP's pending consideration of early release. Defendant's release date to an RRC facility is coming up in only a few months, and according to the most recent response to his request to the warden, he is being considered for earlier release despite a "medium" rating for risk of recidivism. The Court does not object to a decision by the FBOP to expedite Defendant's release. Given Defendant's work to rehabilitate himself in prison, his obesity, as well as the completion of nearly 90% of his

sentence and his pending release to RRC, this is a case in which the FBOP is in the best position to give careful consideration to the COVID-related policies for early release and other Department of Justice directives, and possibly expedite Defendant's release to an RRC or other community setting.

### III. CONCLUSION

Defendant's motion (ECF no. 52) is DENIED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 15, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2020, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager